IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02781-BNB

EDGAR DEWOND REED,

Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DRAWING CASE TO DISTRICT JUDGE
AND TO MAGISTRATE JUDGE

---

Applicant, Edgar Dewond Reed, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Sterling, Colorado. Mr. Reed initiated this action by submitting a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, in which he challenges the validity of his conviction and sentence in Case No. 03CR4360 in the El Paso County District Court.

In an order filed on January 6, 2009, I directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On February 17, 2009, Respondents filed their Pre-Answer Response. Mr. Reed filed a Reply on March 9, 2009.

I must construe liberally the Application and Reply filed by Mr. Reed because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I cannot, however, act

as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be drawn to a district judge and to a magistrate judge.

Mr. Reed was convicted by a jury of three counts of aggravated robbery; conspiracy to commit aggravated robbery; theft, and menacing; theft over $15,000; three counts of felony menacing; and four counts of crime of violence with a deadly weapon. (Pre-Answer Ex. D at 3.) He was sentenced on November 9, 2004, to a total of forty-four years in prison. The judgment of conviction was affirmed on direct appeal. *See State of Colo. v. Reed*, No. 04CA2611 (Colo. App. Feb. 7, 2008) (unpublished). On October 6, 2008, the Colorado Supreme Court denied Mr. Reed's petition for writ of certiorari on direct appeal. *See Reed v. State of Colo.*, No. 08SC187 (Oct. 6, 2008) (unpublished).

Mr. Reed asserts four claims for relief in his Application, including, (1) jury misconduct; (2) a constitutional error by the trial court in not severing his and co-defendant's case; (3) a due process violation by the trial court in admitting impermissible suggestive exhibits; and (4) a due process violation by the trial court in admitting co-defendant's hearsay statements.

Respondents concede that the instant action is timely pursuant to 28 U.S.C. § 2244(d). Respondents, however, contend that Claim Three is not exhausted because Mr. Reed did not present the claim to the state appellate courts as a federal constitutional claim. (Pre-Answer at 6.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See* ***Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also* ***Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Upon review of Mr. Reed's opening brief on direct appeal, I find that Mr. Reed presented Claim Three as a violation of his constitutional due process rights. Respondents' exhaustion argument regarding Claim Three goes to the merits of the claim. The Colorado Court of Appeals in denying Mr. Reed's direct appeal relied on *People v. Hogan*, 114 P.3d 42, 51 (Colo. App. 2004), for a finding that "the same constitutionally prescribed procedures used for identifying suspects do not apply to procedures used in identifying inanimate objects." Nothing in *Hogan*, however, supports Respondents' argument that identification of inanimate objects may not be subject to some protections under the Due Process Clause.

III. Conclusion

IT IS ORDERED that the Application and the action shall be drawn to a district judge and to a magistrate judge.

DATED March 23, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02781-BNB

Edgar Dewond Reed
Reg No. 97557
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Melissa D. Allen
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

 I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/23/09

GREGORY C. LANGHAM, CLERK

By: _____
  Deputy Clerk